UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-504
(3:04-cr-295)

RONNIE TEAL,                              )
                                          )
                                          )
        v.                                )        **ORDER**
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
_____)

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); counsel's supplemental Motion, (Doc. No. 12); and the Government's Motions to Dismiss, (Doc. Nos. 5; 25). This matter arose in the wake of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and was stayed pending the resolution of Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) (en banc). The time has expired for Petitioner to respond to the Government's Motion to Dismiss filed following Whiteside. For the reasons that follow, Petitioner's § 2255 motion, as supplemented, will be dismissed.

I. BACKGROUND

On March 15, 2004, Petitioner was indicted with two others for conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and possessing with intent to distribute cocaine base on five different dates, in violation of 21 U.S.C. § 841 (Counts Two through Six). (Case No. 3:04-cr-295, Doc. No. 1). On December 1, 2004, the Government filed a notice pursuant to 21 U.S.C. § 851 seeking enhanced penalties based on Petitioner's 1998 North Carolina conviction for possession with intent to sell or deliver cocaine. (Id., Doc. No. 14).

1

On March 29, 2006, Petitioner filed written Plea Agreement in which he agreed to plead guilty to Count One in exchange the Government's dismissal of the remaining counts. (Id., Doc. No. 81 at 1-2). Petitioner also agreed to waive his right to contest his conviction or sentence through appeal or post-conviction action, except on claims of prosecutorial misconduct and/or ineffective assistance of counsel. (Id. at 4). On April 6, 2006, Petitioner entered his plea under oath before a magistrate judge, who accepted it as knowingly and voluntarily entered. (Case No. 3:04-cr-295, Doc. No. 82: Acceptance and Entry of Guilty Plea; Doc. No. 162: Plea Hr'g TR at 2, 12).

The Presentence Report (PSR) identified three North Carolina convictions for common law robbery for which Petitioner was sentenced to suspended, consecutive terms of 13-16 months' imprisonment.[1] (Id., Doc. No. 142: PSR ¶ 40). The report also included the 1998 drug trafficking conviction for which he received an active term of 8-10 months, triggering a career offender designation. (Id. ¶¶ 33, 46). Prior to the sentencing hearing, the Government moved to reduce Petitioner's sentence beneath the statutory mandatory minimum of 20 years and the advisory guideline range of 262-327 months. (Case No. 3:04-cr295, Doc. No. 105). The Court granted the motion, imposed a 140 month sentence, and entered the Judgment on January 5, 2007. (Id., Doc. No. 106 at 1-2). Petitioner did not file a direct appeal.

On October 7, 2011, Petitioner filed the instant § 2255 motion stating one ground for relief: the 1998 North Carolina drug conviction did not subject him to more than one year in prison; therefore, his sentence was improperly enhanced. (Doc. No. 1 at 4, 13). Petitioner

---

[1] His probation was later revoked, resulting in a sentence of two consecutive 13-16 month terms of imprisonment. (Case No. 3:04-cr-295, Doc. No. 142: PSR ¶ 40).

2

asserted that his motion was timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) which relied on the Supreme Court's decision in Carachuri-Rosendo. (Id. at 4, 12). The Government moved to dismiss based on the statute of limitations and on the plea agreement's collateral attack waiver. (Id., Doc. Nos. 5, 25).

After the Fourth Circuit issued its en banc decision, this district began appointing counsel to defendants who might have a claim for relief. (Case No. 3:12-mc-92: Order). On December 28, 2012, counsel filed a supplemental Motion arguing that Petitioner's sentence should be vacated under § 2255 because it was imposed in violation of his right to due process and it represented a miscarriage of justice because it was enhanced based on a conviction that no longer qualifies as a felony under Simmons. (Doc. No. 12: Supplement at 1). Alternatively, counsel seeks relief pursuant to 28 U.S.C. § 2241, and writs of coram nobis and audita querala. (Id. at 21-26). This case had been stayed pending developments in the Simmons line of cases. (Order, Dec. 18, 2014). After the Fourth Circuit issued its en banc decision in Whiteside, the Court ordered the Government to answer, the Government moved to dismiss based on the statute of limitations and the Plea Agreement's collateral attack waiver, and the defendant had the opportunity to respond. (Doc. No. 21: Order; Doc. No. 25: Motion). The matter is now ripe for disposition.

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter, and applicable authority and

3

concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A. Timeliness

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's criminal judgment was entered on January 5, 2007, and he did not appeal; therefore, his judgment became final 10 days later. See Fed. R. App. P. 4(b)(1)(A) (applying pre-2009 ten day limit to appeal); Clay v. United States, 537 U.S. 522, 525 (2003) (judgment becomes final when time to seek review expires). As detailed above, Petitioner pro se contends that this action is timely under § 2255(f)(3) because it was filed within one year of the en banc Simmons decision reached in light of Carachuri-Rosendo. Petitioner's argument fails, first and

4

foremost, because the one-year time limitation would run from the date the Supreme Court filed its decision, June 14, 2010, and the instant § 2255 motion was not filed until October 7, 2011. Second, even if the motion had been timely on that basis, the claim would still fail because Carachuri-Rosendo is not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012).

The Fourth Circuit's en banc decision in Whiteside makes it clear that Petitioner's § 2255 motion, as supplemented, is likewise untimely and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging a career offender predicate was filed years after the Judgment became final and nothing prevented Petitioner from filing within the statute of limitations, which the Government asserts as a defense in this case. Whiteside, 775 F.3d at 183-187 (noting that Simmons does not represent a "fact" under § 2255(f)(4); rejecting equitable tolling and noting many defendants raised challenges prior to Simmons "asserting the exact same substantive claim . . . including [Jason] Simmons himself") (collecting cases).[2]

B.   Waiver

The Government also moves to dismiss this action citing the Plea Agreement's waiver of Petitioner's right to collaterally attack his sentence pursuant to § 2255 and "similar authorities." (Doc. No. 5: Motion at 4-5; Doc. No. 25: Motion at 5-7). It is beyond question that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). As detailed above, the magistrate judge found Petitioner's plea, with included waiver, to be

---

[2] Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).

knowing and voluntary after hearing his sworn responses pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and Petitioner has not challenged that finding. Accordingly, the Government is entitled to enforcement of Petitioner's waiver of his post-conviction claims for relief under Simmons. See Beckham v. United States, 592 F. App'x 223, (4th Cir. Feb. 9, 2015) (rejecting challenge to career offender designation under § 2241 and via writs for error coram nobis and audita querela based on waiver in plea agreement) (citing United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010)); United States v. Jones, 549 F. App'x 219 (4th Cir. 2014) (§ 2255 claims based on Simmons were within scope of waiver) (citing United States v. Copeland, 707 F.3d 522, 528-30 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013).

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner has failed to present any meritorious claims for relief and this action will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motions to Dismiss, (Doc. Nos. 5, 25), are **GRANTED**;

2. Respondent's Motion for Extension of Time, (Doc. No. 24), is **GRANTED**;

3. Petitioner's § 2255 motion, as supplemented, (Doc. Nos. 1, 12), **DENIED and DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge